## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:06CV91-MU-1

| | |
|---|---|
| TONY EUGENE HOWELL, | )<br>)<br>) |
| Plaintiff, | ) |
| Vs. | )     **ORDER** |
| REGGIE WEISNER, <u>et al.</u>, | )<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed July 19, 2006.

In his Complaint Plaintiff alleges that in late 2004 while he was incarcerated at Alexander Correctional Institution, the Defendants suspended his visitation rights with his children. Plaintiff states that Defendants informed him that because he was a child sex offender such visits were not in his best interest or his children's. Plaintiff states that since his transfer to Nash Correctional Facility he has been permitted to visit with his children. Plaintiff seeks an apology for his children and $ 150,000 in damages.

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights (or federal statutory rights) was violated by a person acting under the color of state law. 42 U.S.C. § 1983.

The existing precedent in the Fourth Circuit is that neither prisoners nor would-be visitors possess a constitutional right to prison visitation. <u>See</u> <u>White v. Keller</u>, 438 F. Supp. 110, 115 (D. Md. 1977), <u>aff'd</u>, 588 F.2d 913 (4th Cir. 1978); <u>see</u> <u>also</u> <u>Propps v. West Va. Dep't Corr.</u>, 166 F.3d 333 (4th Cir. 1998)(unpublished)(no constitutional right to visitation).

In 2003, the Supreme Court, determining that the prison visitation limitations at issue bore a rational relationship to legitimate penological interests, declined to rule on whether such a right exists. Overton v. Bazzetta, 539 U.S. 126 (2003). Consequently, this Court, in accordance with existing Fourth Circuit authority, dismisses Plaintiff's claim on the basis that no constitutional right to prison visitation exists.

Moreover, even if such a right existed, in the instant case the Defendants, as set forth by Plaintiff himself, have articulated a rational reason for the decision to restrict Plaintiff, an inmate convicted of sexual offense in the first degree with a child, from visiting for a period of time[1] with his own children. Plaintiff recounts that he was repeatedly informed that he was not allowed to visit with his children at that time because such visits would present a security risk to the children. Such a reason is rationally related to legitimate penological interests and therefore the visitation restriction at issue does not violate Plaintiff's constitutional rights. As such, Plaintiff fails to state a claim under § 1983.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: August 1, 2006

Graham C. Mullen
United States District Judge

---

[1] Plaintiff admits that he is now able to have visits with his children.